IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 JAN -5 PM 2:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN - 5 1999

WILLIE FLETCHER,                )
                                )
    PLAINTIFF,                  )
                                )
VS.                             )   CV-98-H-1010-NE
                                )
CITY OF HUNTSVILLE,             )
                                )
    DEFENDANT.                  )

**MEMORANDUM OF DECISION**

The Court has before it the November 20, 1998 motion of defendant City of Huntsville for summary judgment. Pursuant to the Court's November 25, 1998 order, the motion was deemed submitted, without oral argument, on December 22, 1998.

**I. Procedural History**

Plaintiff Willie Fletcher commenced this action on April 16, 1998 by filing a complaint in the Circuit Court of Madison County, Alabama alleging that unnamed Huntsville city police officers used excessive force against plaintiff. Plaintiff contended that defendant's alleged conduct constitutes (1) a policy of encouraging/tolerating/permitting/ratifying excessive force in violation of 42 U.S.C. § 1983; (2) negligent hiring and/or retention of the offending officers under state law; and

(3) negligent supervision of the offending officers under state law.[1] The case was removed to this Court on April 27, 1998. Defendant's November 20, 1998 motion for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's claims. Plaintiff filed a response on December 22, 1998.

**II. Standards for Evaluating a Summary Judgment Motion**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go

---

[1] Plaintiff's complaint also contains claims against the individual police officers, the chief of the Huntsville City Police Department, and the Mayor of the City of Huntsville, which were dismissed. (Order of 4/29/98.)

2

beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine

3

issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to _affirmatively_ show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-

moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

On April 20, 1996, plaintiff was arrested by three City of Huntsville police officers based on warrants for driving with a revoked license and improper lane change. (Childress Aff. ¶ 2; German Aff. ¶ 2; Nickelson Aff. ¶ 2.) During the arrest, plaintiff was "assaulted and injured" by the officers. (W. Fletcher Aff. ¶ 7.) Plaintiff did not offer any physical resistance, yet one of the officers threatened to spray plaintiff in the face with pepper spray or mace. (W. Fletcher Aff. ¶¶ 8-10; L. Fletcher Aff. ¶¶ 5, 9.) When plaintiff's daughter screamed, the officers threatened to arrest her if she did not

become silent. (W. Fletcher Aff. ¶¶ 11-12; L. Fletcher Aff. ¶ 8.) Plaintiff was placed in the back of one of the patrol cars while the officers searched his house for thirty minutes and took a gun from the house because they believed it to be stolen. (W. Fletcher Aff. ¶ 13; L. Fletcher Aff. ¶¶ 10, 11.) Plaintiff was also charged with resisting arrest for his conduct during the arrest. (Childress Aff. ¶ 2.)

In hiring police officers, the Huntsville Police Department reviews the individual's application, aptitude test scores, and medical examination. (Meeks Aff. ¶ 2; Reyes Aff. ¶ 3.) The Federal Bureau of Investigation and the Alabama Bureau of Investigation conduct background investigations of the applicant's criminal record, and employers and references are contacted. (Meeks Aff. ¶ 2; Reyes Aff. ¶ 3.) Each applicant is interviewed. (Meeks Aff. ¶ 2; Reyes Aff. ¶ 3.) The department also prepares a psychological profile for each applicant and requires the applicants to take a polygraph examination which includes questions regarding the applicant's background. (Meeks Aff. ¶ 2; Reyes Aff. ¶ 3.)

Each new police officer in the Huntsville Police Department receives a copy of its policy on the use of force. (Dauro Aff. ¶ 5.) The policy requires officers to exert "only the degree of

force necessary to effect the arrest or compliance with lawful orders; more will be considered excessive force." (Huntsville Police Dep't Written Directive 101.13: Use of Force.) The policy then clarifies under what circumstances various level of force would be appropriate. (Huntsville Police Dep't Written Directive 101.13: Use of Force.)

Each officer in the Huntsville Police Department is assigned an immediate supervisor, who monitors the officer's activities in order to discover, prevent, and rectify any instances of officer misconduct, including any use of excessive force. (Dauro Aff. ¶ 6.) When a citizen complaint alleging personal injury is lodged against a Huntsville Police Officer, the department conducts an internal investigation of the complaint. (Morris Aff. ¶ 3.) A record of the complaint and the details of the investigation is maintained by the department. (Morris Aff. ¶ 3.) If the investigation reveals that the officer engaged in improper conduct, that determination is forwarded to the officer's immediate supervisor for appropriate disciplinary action to be taken, subject to the approval of the City of Huntsville Chief of Police. (Morris Aff. ¶ 3.)

### IV. Applicable Substantive Law and Analysis

Plaintiff's complaint includes the following claims: (1)

policy of tolerating/encouraging/ratifying the use of excessive force by officers under 42 U.S.C. § 1983; (2) negligent hiring and retention under state law; and (3) negligent supervision under state law. Defendant's motion for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's claims against defendant. The Court will address plaintiff's claims separately.

**A. Excessive Force Claim Under 42 U.S.C. § 1983**

A municipality may not be held vicariously liable under § 1983 for the wrongful actions of its police officers. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Gilmere v. City of Atlanta, 774 F.2d 1495, 1502-03 (11th Cir. 1985) (en banc). Instead, a municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation. See Monell, 436 U.S. at 694. Thus, in order to make out a prima facie case against a municipality under § 1983, a plaintiff must show (1) the municipality inadequately trains or supervises its employees; (2) this failure to train or supervise is a city policy; and (3) that policy causes the employees to violate a citizen's constitutional rights. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir.), cert. denied, 119 S. Ct. 165 (1998). The second prong of

8

the Monell policy requirement may be satisfied by a showing that the municipality's failure to train evidenced a deliberate indifference to the rights of its inhabitants. See id. This requires a plaintiff to "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id.

Plaintiff has offered no evidence tending to show that defendant knew of a need to train or supervise its officers regarding the excessive use of force. Indeed, the evidence reveals that defendant has a more than adequate training program for its officers on the use of force. After undergoing a psychological profile and polygraph examination, each new police officer in the Huntsville Police Department receives a copy of a detailed manual regarding the use of force. Compare Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1212 (11th Cir. 1993) (finding policy of excessive force where the defendant had no procedures manual regarding the use of force).

Defendant's supervision of police officers is equally sufficient. Each officer in the Huntsville Police Department is assigned an immediate supervisor, who monitors the officer's activities in order to discover, prevent, and rectify any

9

instances of officer misconduct. When a citizen complaint alleging personal injury is lodged against an officer, the department conducts an internal investigation, the details of which are recorded in a file maintained by the department. If the investigation reveals that the officer engaged in improper conduct, that determination is forwarded to the officer's immediate supervisor for appropriate disciplinary action to be taken. Compare Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1212 (11th Cir. 1993) (finding policy of excessive force where the defendant had inadequate procedures for recording and investigating complaints against officers).

Plaintiff has failed to produce evidence tending to show the existence of a municipal policy to inadequately train or supervise its officers regarding the use of force, i.e., that the City of Huntsville knew or should have known of a need to train its officers regarding the use of force and deliberately chose not to take any action. C.f. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir.), cert. denied, 119 S. Ct. 165 (1998). Because plaintiff has not met his burden of establishing a prima facie case, defendant City of Huntsville is entitled to judgment as a matter of law as to the § 1983 claim.

B.   **Negligent Hiring and/or Retention of Officers**

Plaintiff has produced no evidence suggesting that defendant should not have hired the offending officers. The record contains no instances of wrongful conduct by the officers, as City of Huntsville employees or otherwise, which would cause a reasonable employer not to hire the officers. Therefore, defendant is entitled to judgment as a matter of law as to the claim of negligent hiring or retention.

C.  **Negligent Supervision of Officers**

In order to establish a prima face case for negligent supervision, plaintiff must show that (1) the offending officers were incompetent; and (2) defendant City of Huntsville had constructive or actual notice of their incompetence. See <u>Lane v. Central Bank of Ala., N.A.</u>, 425 So. 2d 1098, 1100 (Ala. 1983). Even if the officers who arrested plaintiff on April 20 were incompetent, plaintiff has produced no evidence tending to show defendant's knowledge of the officers' tendency to use excessive force. For example, no records of complaints against the officers have been presented to the Court. As discussed in part IV-A, <u>supra</u>, defendant adequately trained and supervised Huntsville police officers, and there is no basis for a conclusion that defendant knew or should have known that its officers have a tendency to use excessive force. Plaintiff

11

cannot make out a prima facie case for negligent supervision, and defendant is entitled to judgment as a matter of law with respect to that claim.

In conclusion, the Court finds that no issues of material fact exist and that defendant City of Huntsville is entitled to judgment as a matter of law as to all claims asserted by plaintiff. A separate order will be entered.

DONE this 5th day of January, 1999.

_____
SENIOR UNITED STATES DISTRICT JUDGE

12